SCHOTT, Chief Judge.
Defendant was convicted of aggravated rape in violation of LSA-R.S. 14:42 and simple burglary in violation of R.S. 14:60 and was sentenced to life in prison for the former offense and twelve years for the latter.
We have examined the record for errors patent and find none.
By his only assignment of error defendant argues that the evidence was insufficient to convict him of aggravated rape, but was sufficient only for the lesser included offense of forcible rape, proscribed by R.S. 14:42.1. In order to address this assignment we must first consider the evidence.
At about 7:00 a.m. on August 7,1986 the victim who lived alone left her apartment and went to the washroom of the apartment complex with a batch of clothes. After starting her wash she was returning to her apartment when she was approached *397 by the defendant. He asked her if he could use her telephone, and she told him to give her the number and she would make the call while he waited outside. But as she opened the door he grabbed her from behind, picked her up and pushed her into the bedroom where he stripped her and raped her twice. The victim was a frail, four feet, 11 inches, 105 pounds, 77 year old woman. The defendant was a young man over six feet and 220 pounds. The victim testified that before being raped she raised her voice to protest and he told her not to resist or he would beat her. Because of this threat and the contrast in their sizes she was afraid to resist.
Aggravated rape is defined by R.S. 14:42 in pertinent part as follows:
“A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
* * * * * *
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.”
Based upon the testimony of the victim and the contrast in the sizes and physical strength of the defendant and the victim a rational trier of fact should have been convinced beyond a reasonable doubt that the victim was prevented from resisting by the defendant’s threats, that his threats were of great and immediate bodily harm, and he possessed the power of carrying out his threats.
However, defendant contends that R.S. 14:42.1 for forcible rape, which is a lesser included offense of aggravated rape, C.Cr. P. art. 814(A)(8) proscribes the identical crime which the State proved. Consequently, defendant contends that he is entitled to have his conviction reduced to the lesser offense and to face a less severe sentence. R.S. 14:42.1 defines forcible rape as follows:
“A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.”
The distinction between the statutes is obvious. In the case of aggravated rape the defendant’s power to carry out his threats must be proved as an objective fact as perceived by a third party like the juror. In order to convict the defendant the trier of fact must be convinced that the defendant had the power to carry out his threats. In the case of forcible rape the test is subjective; did the victim reasonably believe that resistance on her part would not prevent the rape even though from the objective viewpoint of the juror the defendant might lack the power of carrying out his threats.
Defendant relies on State v. Parish, 405 So.2d 1080 (La.1981) in support of his position that the evidence supports a conviction of forcible rape, but not aggravated rape. Although the Court found the definitions in the two statutes to be “virtually identical” at page 1086, there is a distinction between “virtual” identity and actual identity. The Court acknowledged that the distinction between aggravated and forcible rape is the degree of force employed and the extent to which the victim resists. Page 1087. The cited case involved a conviction of attempted aggravated rape, not the completed act. The facts show that Parish never exerted great force and abandoned his attempt before encountering strenuous resistence for no reason other than a change of heart. He did not fondle the victim or subject her to any indignity. The Court observed, “Within the range of attempted coercive sexual acts, the offense in this case clearly falls among those involving a minimal use of force. Although the victim was frightened and perhaps disturbed psychologically, she was released substantially unharmed.” These facts stand in sharp contrast with those of the instant case. Defendant picked up his frail, elderly victim and threw her on her bed, he stripped off her panties and stopped her from shouting *398 for help by threatening to beat her. Far from being “substantially unharmed” she was raped twice under the threat of an immediate beating if she resisted.
In Parish the Court found that the degree of force employed by defendant was insufficient to support the jury’s conclusion that the defendant was guilty of attempted aggravated rape. In the instant case the State proved beyond a reasonable doubt that the defendant did exert the high degree of force required to prove aggravated rape as opposed to forcible rape. This conclusion is compatible with the decision in State v. Helaire, 496 So.2d 1322 (La.App. 3rd Cir.1986) in which the Parish case was distinguished by the degree of force extended by Helaire on his fourteen year old victim.
Having found that defendant’s sole assignment of error is without merit, we affirm his conviction and sentence.
AFFIRMED.